**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  4:10-CR-900-TUC-CKJ |
| | ) |
| Jorge Alberto De La Garza-Gonzalez, | ) |
| Defendant. | ) **ORDER** |
| | ) |

Pending before the Court is the Motion for (1) Appointment of Counsel Under (CJA) for the Purpose of:  (2) Modification of Term of Imprisonment Pursuant to Retroactivity of the Amend[m]ent 782 of the U.S.S.G. (The Minus-2 Amendment) (Doc. 55) filed by Jorge Alberto De La Garza-Gonzalez ("De La Garza-Gonzalez").

*Procedural Background*

On April 28, 2010, De La Garza-Gonzalez was indicted for Possession with Intent to Distribute Methamphetamine and Importation of Methamphetamine.  On March 7, 2011, De La Garza-Gonzalez pleaded guilty to the Indictment.

The pre-sentence report ("PSR") calculated a sentencing range pursuant to the United States Sentencing Guidelines, including a base offense level of 38 based on the purity of methamphetame, a criminal history category I, a two-level reduction for safety valve, a two-level increase for the importation of methamphetamine, and a two-level reduction for acceptance of responsibility, for a total offense level of 36, resulting in a 188 to 235 month

1   range of incarceration.  The PSR recommended a 78 month term of incarceration.

2        This matter proceeded to sentencing on September 22, 2011, before Visiting District

3   Judge Timothy M. Burgess.  The Court adopted the facts as set forth in the PSR.  The Court

4   rejected a minor role reduction, but in his discretion sentenced De La Garza-Gonzalez outside

5   of the guideline range to a 78 month term of incarceration on each count, with the sentences

6   to run concurrently.

7        On October 13, 2016, De La Garza-Gonzalez filed his Motion for (1) Appointment of

8   Counsel Under (CJA) for the Purpose of:  (2) Modification of Term of Imprisonment Pursuant

9   to Retroactivity of the Amend[m]ent 782 of the U.S.S.G. (The Minus-2 Amendment) (Doc.

10  55). On October 13, 2016, the Federal Public Defender filed a Notice Relating to Defendant's

11  Pro Se Request for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. 56).[1]

12       A review of De La Garza-Gonzalez's status on the BOP inmate locator indicates De

13  La Garza-Gonzalez was released from the custody of the federal Bureau of Prisons ("BOP")

14  on August 14, 2013.  De La Garza-Gonzalez's Motion indicates he was "transferred to a

15  Mexican jail under the Treaty Transfer between Mexico and the United States, specifically

16  to the Federal Penitentiary Complex at Maria Madre Island in the State of Nayarit, Mexico."

17  Motion (Doc. 55), p. 2.

18

19  *Jurisdiction for Review of De La Garza-Gonzalez' Request*

20       USSG § 1B1.10(b)(2)(C) provides: "Prohibition – In no event may the reduced term

21  of imprisonment be less than the term of imprisonment the defendant has already served."

22  However, the United States-Mexico Treaty provides:

23       The Transferring State shall have exclusive jurisdiction over any proceedings,
24       regardless of their form, intended to challenge, modify or set aside sentences handed
         down by its courts.  The Receiving State shall, upon being advised by the Transferring
25       State of action affecting the sentence, take the appropriate action in accordance with

26  _____

27       [1]The filing by the Federal Public Defender is consistent with the protocol for
    processing requests for the Amendment 782 sentence reduction in the District of Arizona.

28                                        - 2 -

1    such advice.

2  United States-Mexico Prisoner Transfer Treaty Signed at Mexico Nov. 25, 1976;, T.I.A.S. No.

3  8718 (Nov. 30, 1977).

4    However, it is not clear if De La Garza-Gonzalez remains in custody.  His motion,

5  signed on July 4, 2015, states he has ten months of his sentence to serve based on good time

6  credits. Motion (Doc. 55), p. 2.  In other words, it is likely De La Garza-Gonzalez has already

7  been released.   Because De La Garza-Gonzalez is only contesting the length of his

8  incarceration and not any term of supervised release, his claim is moot if he has been released.

9  *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999) (citing USSC for principle

10 that a defendant's possible increased sentence is not sufficient for standing); *Telfer v.*

11 *Waddington*, 255 F. App'x 188 (9th Cir. 2007) (where petition challenged only a sentence and

12 not the conviction, matter was moot).  However, because the Court cannot confirm his status,

13 the Court finds it has jurisdiction to review De La Garza-Gonzalez's request.

14

15 *Authority for Modification of Sentence*

16    The United States Supreme Court has stated:

17    "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a
      final judgment" and may not be modified by a district court except in limited
18    circumstances. 18 U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to
      the general rule of finality "in the case of a defendant who has been sentenced to a
19    term of imprisonment based on a sentencing range that has subsequently been lowered
      by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive
20    pursuant to § 994(u).

21 *Dillon v. United States*, 560 U.S. 817, 824 (2010).  In such cases, Congress has authorized

22 courts to "reduce the term of imprisonment, after considering the factors set forth in section

23 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

24 policy statements issued by the Sentencing Commission." *Id*.    at 824-25 (*citing* 18 U.S.C.

25 § 3582(c)(2)).   Once the Sentencing Commission submits a proposed amendment of the

26 Sentencing Guidelines to Congress, Congress has 180 days to alter or disapprove of the

27 proposed amendment before the amendment becomes effective.  See 28 U.S.C. § 994(p).

28                                     - 3 -

Pursuant to this statutory authority, the Commission promulgated Amendment 782 on April 30, 2014.  *See* Notice of Submission to Congress of Amendments to Guidelines, 79 Fed.Reg. 25996-02, 25996-97 (May 6, 2014).  The Amendment revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  *Id.*     On July 18, 2014, the Sentencing Commission promulgated a proposed amendment that makes Amendment 782 retroactive.

*Consideration of De La Garza-Gonzalez's Request for a Sentence Reduction*

The applicable guideline states:

(b) Determination of Reduction in Term of Imprisonment.  –

(1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction. –

(A) Limitation. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

* * * * *

U.S.S.G. 1B1.10. Furthermore, "[e]ligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)."   U.S.S.G. 1B1.10, Application Note 1(A) (emphasis added).

In its Notice, the Assistant Federal Public Defender opines:

Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction only if

his sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant's sentence does not satisfy this criterion. The defendant's sentence was based on a sentencing range that was calculated on the basis of 8.48 kilograms of ice. However, both the 2010 edition of the *Guidelines Manual* (which was in effect at sentencing) and the *Guidelines Manuals* subsequent to the adoption of Amendment 782 (effective November 1, 2014) provide a base offense level of 38 for drug-trafficking crimes involving over 4.5 kilograms of ice. Although Amendment 782 reduced the Base Offense Level for many drug type/quantity combinations by two levels, Amendment 782 created a new category for Base Offense Level of 38 for certain large quantities of drugs, including quantities of ice over 4.5 kilograms. Thus, defendant's Guideline range has not been lowered.

Notice (Doc. 56), pp. 4-5 (footnotes omitted).

In this case, the sentence below the guideline range that De La Garza-Gonzalez received at the time of sentencing is greater than the two-level reduction De La Garza-Gonzalez now seeks. As De La Garza-Gonzalez has already received a sentence that is lower than the bottom of the amended guideline range, De La Garza-Gonzalez is not eligible for a reduced sentence. The Court finds, therefore, that it does not have the authority to reduce De La Garza-Gonzalez's sentence pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS ORDERED:

1.     The Motion for (1) Appointment of Counsel Under (CJA) for the Purpose of: (2) Modification of Term of Imprisonment Pursuant to Retroactivity of the Amend[m]ent 782 of the U.S.S.G. (The Minus-2 Amendment) (Doc. 55) is DENIED.

2.     The Clerk of Court is directed to mail a copy of this Order to the following address:

> Jorge Alberto De La Garza Gonzalez #43598
> AKA Jorge Alberto De La Garza #96933-208
> Complejo Penitenciario Islas Maria
> Ceferoso Morelos
> Isla Maria Madre, Nayarit C.P. 63779
> MEXICO

DATED this 22nd day of November, 2016.

_____
Cindy K. Jorgenson
United States District Judge

- 5 -

AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 1 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jorge Alberto De La Garza-Gonzalez,<br><br>Date of Original Judgment:<br>September 22, 2011 | Case No: CR-10-00900-001-TUC-CKJ(JR)<br>USM No: 96922-208<br><br><br><br>Pro se<br>*Defendant's Atty* |

## ORDER REGARDING MOTION FOR SENTENCING REDUCTION PURSUANT TO 18 U.S.C. § 3582 (c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED ☐ GRANTED and the defendant's previously imposed sentence of **SEVENTY EIGHT  (78) MONTHS** of imprisonment each on Counts 1 and 2 of the Indictment to run concurrently as reflected in the Judgment dated September 22, 2011 is affirmed.  All provisions of the judgment dated September 22, 2011 shall remain in effect.

**IT IS SO ORDERED**.

Dated this 22th day of November, 2016.

_____
Cindy K. Jorgenson
United States District Judge